IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ANDRE PETETT**,

    Plaintiff,

    v.

**SELECT COMFORT CORP.**,

    Defendant.

No. 3:15-cv-01776-MO

OPINION AND ORDER

**MOSMAN, J.**,

Defendant has filed a Motion for Summary Judgment [42]. I GRANT Defendant's Motion for Summary Judgment and dismiss all claims against Defendant with prejudice.

## Background

Mr. Petett is suing his former employer, Select Comfort Corp. ("Select Comfort"), alleging Select Comfort discriminated against him on the basis of race when it denied him a promotion.

On April 22, 2013, a store manager position opened at Select Comfort's store in the Washington Square Mall. At that time, Mr. Petett was working as the store manager in Select Comfort's Vancouver Mall store. Select Comfort posted a notice on internal and external websites to advertise the store manager opening at the Washington Square Mall on April 22, 2013. On April 26, 2013, Select Comfort also posted a "Flash Alert" on its intranet website,

1 – OPINION AND ORDER

which notified all employees nation-wide about the new opening and instructed interested employees to apply for the position online. The Flash Alert remained posted until it was removed from the intranet site on May 5, 2013. Select Comfort's policy since 2010 has been to require any retail sales employee interested in an internal promotion to express interest directly to the Talent Acquisition Team in the Human Capital Department. Mr. Petett never applied for the position and Select Comfort ultimately hired an external applicant.

Mr. Petett admits he did not apply for the Washington Square store manager position. He argues, however, that Select Comfort discriminated against him by making sure he was not aware of the opening until after it was filled. In the past, Mr. Petett's immediate supervisor, Lorrie Reierson, served as a mentor to Mr. Petett and informed Mr. Petett directly when positions were available. On this occasion, however, Mr. Reierson failed to do so. In his Response to Defendant's Motion for Summary Judgment, Mr. Petett alleges that Mr. Reierson "admitted in his deposition that he purposefully changed how he dealt with this position with regards to [Mr. Petett]," which is presumably supposed to be evidence that Select Comfort did not want Mr. Petett to have the position because of his race. Mr. Petett did not provide any evidence to support this claim.

Select Comfort acknowledges that Mr. Reierson, who was a member of the interview team for the open position, did not solicit particular employees for the position. Instead, he wanted to interview candidates who took the initiative to formally apply for the position and he did not speak directly with any of his direct reports about the position. Select Comfort argues Mr. Petett must have known about the open store manager position at Washington Square before it was filled and that he could have applied for the position. Mr. Petett acknowledged in his deposition that he saw the Flash Alert on the intranet that announced the opening, although he

2 – OPINION AND ORDER

could not remember when. (Dkt. 44-1 at 15.) Since the Flash Alert was posted on the intranet from April 26, 2013 through May 5, 2013, Mr. Petett must have seen the Flash Alert during that time.

After receiving a number of applications for the Washington Square store manager's job, Select Comfort hired an external applicant with experience working in retail management, including experience managing high-volume stores. That applicant first interviewed on May 10, 2013, and he was offered the Washington Square Mall store manager position on May 22, 2013.

## Legal Standard

A. Summary Judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The initial burden for a motion for summary judgment is on the moving party to identify the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once that burden is satisfied, the burden shifts to the non-moving party to demonstrate, through the production of evidence listed in Fed. R. Civ. P. 56(c)(1), that there remains a "genuine issue for trial." *Celotex*, 477 U.S. at 324. The non-moving party may not rely upon the pleading allegations. *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995) (citing Fed. R. Civ. P. 56(e)). All reasonable doubts and inferences to be drawn from the facts are to be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

B. Failure to Promote Due to Racial Discrimination

It is a violation of Title VII for an employer to fail to promote an employee on account of race. *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1122 (9th Cir. 2004). In responding to a

summary judgment motion in such cases, the plaintiff must establish a prima facie case of failure to promote due to racial discrimination. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1088-89 (9th Cir. 2008) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). A plaintiff does so by showing that (1) he belongs to a protected class; (2) he applied for and was qualified for the position he was denied; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably. *Id.* at 1089. If the employee establishes the prima facie case of discrimination, "the employer must articulate a legitimate, nondiscriminatory reason for the challenged action." *Id.* If the employer does so, "the employee must show that the reason is pretextual either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing the employer's proffered explanation is unworthy of credence." *Id.* (citations omitted) (internal quotation marks omitted).

## Discussion

Select Comfort moves for Summary Judgment on the grounds that Mr. Petett has failed to establish a prima facie case of failure to promote due to racial discrimination. Specifically, Select Comfort argues that Mr. Petett cannot establish a prima facie case because he never applied for the store manager position at Washington Square Mall.

I agree that Mr. Petett has not established a prima facie case. The evidence in the record shows that Select Comfort openly advertised the open store manager position at Washington Square Mall, and Mr. Petett knew of the opening from the Flash Alert sent out by Select Comfort. Mr. Petett admits that he saw the Flash Alert and he never argues in his brief that he was not aware of the opening. Instead, he argues in his response brief that Mr. Reierson never told him the position was available and never mentioned the position until after it was filled,

even though they spoke regularly.  Mr. Petett believes such actions suggest that Select Comfort "as a company" did not want him to have the job.  But, Mr. Petett has not provided any evidence to support an inference that he could only apply for the job if asked to do so by his manager.  Furthermore, there is no evidence in the record to suggest he was not allowed to apply for the position.  Mr. Petett quite simply failed to apply.  Therefore, he cannot establish a prima facie case that Select Comfort unlawfully discriminated against him by failing to promote him.

## Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment is GRANTED. All claims against Defendant Select Comfort are dismissed with prejudice.

IT IS SO ORDERED.

DATED this   19th   day of October, 2016.

/s/ Michael W. Mosman_____
MICHAEL W. MOSMAN
Chief United States District Court Judge

5 – OPINION AND ORDER