IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ANDRE PETETT**,

    Plaintiff,

    v.

**SELECT COMFORT CORP.**,

    Defendant.

No. 3:15-cv-01776-MO

OPINION AND ORDER

**MOSMAN, J.**,

On October 20, 2016, I granted summary judgment in favor of Select Comfort Corp. ("Select Comfort") [48]. On November 4, 2016, Select Comfort filed a Bill of Costs [50], seeking $2,376.95 in costs. Plaintiffs failed to object. After careful review, I have determined that an award of costs is not appropriate in this matter. Therefore, I DENY Select Comfort's Request for Costs [50].

## ANALYSIS

Rule 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Accordingly, there is a presumption that costs will be awarded in favor of the prevailing party. *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) (citing *Nat'l Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471-72 (9th Cir. 1995)). However, the Ninth Circuit has recognized that Rule

1 –OPINION AND ORDER

54(d)(1), "vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educ. v. Cal.*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc) (citing *Nat'l Info. Servs., Inc.* 51 F.3d at 1471). This discretion is "not unlimited" and requires a district court to "'[specify] reasons' for its refusal to award costs." *Id*. (citing *Subscription Television, Inc. v. S. Cal. Theatre Owners Ass'n*, 576 F.2d 230, 234 (9th Cir. 1978)).

As a starting point for analysis, the Ninth Circuit has noted at least five "appropriate reasons" for denying costs. They include:

> (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties.

*Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247-48 (9th Cir. 2014) (citing *Ass'n of Mexican-Am. Educ*. 231 F.3d at 592–93).

In this case, Mr. Petett brought suit against his employer based on the belief that his employer failed to promote him on account of his race. The merits of this case were slim because Mr. Petett never actually applied for the promotion. The weak nature of the underlying claim is the most compelling reason to award costs in this case. It appears, however, that Select Comfort could have moved to dismiss this case before engaging in discovery, for failure to state a plausible claim for relief. In fact, even if I agreed to award costs, I would award only the costs that Select Comfort would have incurred upon filing a motion to dismiss.

The remaining four factors weigh in favor of denying costs. Curbing racial discrimination in employment is of paramount public importance and awarding costs in this action may deter other plaintiffs from bringing employment discrimination cases. Mr. Petett also appears to have limited

financial resources, as evidenced by his Application for Leave to Proceed *in Forma Pauperis* [1]. Conversely, Select Comfort is a nation-wide business with various forms of capital and income. Accordingly, there is a great disparity between the parties' financial resources.

Due to the public importance of employment discrimination cases, the potential chilling effect on future cases, Mr. Petett's limited financial resources, and Select Comfort's more substantial financial resources, I DENY Select Comfort's Request for Costs [50].

IT IS SO ORDERED.

DATED this   6th   day of January, 2017.

/s/ Michael W. Mosman_____
MICHAEL W. MOSMAN
Chief United States District Judge